UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>AMY DENISE FIELDS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-108-TAV-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Amy Denise Fields's Unopposed Motion to Continue Trial Date and All Relevant Deadlines [Doc. 12], which she filed on August 31, 2026.

Defendant Fields asks the Court to continue all relevant deadlines, including the motion and plea deadlines, as well as the trial in her case [*Id.*]. In support, Defendant states her counsel has been involved in a good faith effort to resolve her case, but despite diligence, more time is needed to communicate with Defendant, discuss factual and legal issues, and discuss a potential resolution with the Government [*Id.* ¶ 1]. Defendant explains discovery is voluminous, and additional time is also needed for her counsel to review the material and assess whether pretrial motions are appropriate [*Id.*].

Defendant states a continuance will permit the parties an opportunity to make a full resolution of the issues pending and serves the ends of justice [*Id.* ¶ 2]. Defendant acknowledges her understanding of her speedy trial rights and that the time between the filing of her motion and a rescheduled court date is excludable [*Id.* ¶ 3]. Additionally, Defendant states the Government has no opposition to the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant Fields's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review and discuss with Defendant issues in the case, including potential motions, and to confer with the Government regarding a potential resolution, and prepare for trial if those discussions are not fruitful. The Court finds that this cannot occur before the October 6, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial Date and All Relevant Deadlines [**Doc. 12**]. The trial date is reset to **January 19, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 31, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial Date and All Relevant Deadlines [**Doc. 12**] is **GRANTED**;

(2) the trial date is reset to commence on **January 19, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 31, 2026**, and the new trial date of **January 19, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **October 15, 2026**, and responses to pretrial motions are due on or before **October 29, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 18, 2026**;

(6) the deadline for filing motions *in limine* is **January 4, 2027**, and responses to motions *in limine* are due on or before **January 12, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 5, 2027, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 8, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge